**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN BATTLE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No:  11-cv-01138 |
| v. | ) | |
| | ) | |
| CHICAGO POLICE OFFICERS | ) | Honorable Joan H. Lefkow |
| O'SHAUGHNESSY (Star #16499), | ) | |
| OSBORN (Star #8137), and the | ) | |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

**PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON HIS
BATTERY CLAIM**

Now comes Plaintiff, Brian Battle, by and through his attorneys, and hereby moves

pursuant to Federal Rule of Civil Procedure 50(a) for judgment as a matter of law on his battery

claim against Defendant Osborn.  In support of this motion, Plaintiff states as follows

**Introduction**

There is no dispute that (1) Defendant Osborn intended to cause harmful or offensive

contact with Plaintiff Brian Battle and (2) harmful or offensive contact resulted.  The parties

dispute the damage caused by the harmful contact, but this disagreement is not relevant to

determining whether, as a matter of law, the battery occurred.  Osborn testified that there was an

intentional harmful or offensive contact (placing the Taser on Plaintiff's chest and pressing the

trigger) and harmful contact resulted (Plaintiff was struck by the electricity of the Taser and the

Taser itself, which caused pain).  As a matter of law, Plaintiff should prevail on his battery claim.

Furthermore, the fact Defendant Osborn is a police officer does not change the fact that

under Illinois common law he has admitted to committing a battery against Plaintiff Battle.  In

contrast to the 4th Amendment claim against Defendant Osborn for excessive force, which is

1

judged based on a reasonableness standard, the tort of battery focuses on essentially two elements: intent to commit a harmful or offensive act and that act itself.

On February 17, 2011 the Plaintiff filed his Complaint alleging the state law claim of battery as well as other state and Section 1983 claims. (Dkt. 1). Defendants filed an answer to the same on May 3, 2011. (Dkt. 19). In its Answer, Defendant asserts a total of nine (9) different defenses under the title of "Affirmative Defenses." Nowhere in the Defendant's answer does the Defendant plead or even mention justification as an affirmative defense.

## **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 50, Judgment as a matter of law is proper when a party has been fully heard on an issue, and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135, (2000); Fed. R. Civ. P. 50. The standard for judgment as a matter of law under Fed. R. Civ. P. 50, mirrors the standard for summary judgment under Fed R. Civ. P. 56. *Id.* As such, the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. *Id.*

## **Argument**

### I.     **Plaintiff Has Met His Burden of Proof as to Each Element of a Battery Claim Under Illinois Law**

Civil battery in Illinois is defined as having four elements: (1) that the defendant had the intent to cause a harmful or offensive contact with plaintiff; (2) that the defendant actually made unauthorized physical contact with plaintiff that was harmful; (3) that plaintiff was injured; (4) that defendant's action caused the injury to plaintiff. *Bakes v. St. Alexius Medical Center*, 2011 WL 2520137, at *5 (1st Dist. June 23, 2011) (quoting Restatement Second Torts Section 13

2

(1965); *Cohen v. Smith,* 269 Ill. App. 3d 1087, 1090 (5th Dist. 1995) (citing same). Based on the undisputed testimony during trial, Plaintiff has met his burden of proof of the third and fourth elements: Plaintiff felt pain and had red marks on his chest as a result of the tasering.

As to the first and second elements, Illinois courts have "stated that the 'willful touching of the person of another or a successful attempt to commit violence on the person of another" constitutes battery…We also stated that battery involves contact by a defendant that is unauthorized…where defendant has done some affirmative act intended to cause the unpermitted contact." *Bakes*, 2011 WL 2520137, at *5 (citing *Britamco Underwriters, Inc., v. J.O.C. Enterprises, Inc.*, 252 Ill. App. 3d 96, 101 (2d Dist. 1993); *Boyd v. City of Chicago*, 378 Ill. App. 3d 57, 69 (1st Dist. 2007) (internal citations omitted).

If the plaintiff did not consent to the offensive or harmful contact (and here, unquestionably, plaintiff did not), then the contact is considered unauthorized. *See, e.g. Gragg v. Calandra,* 297 Ill. App. 3d 639, 715 (2d Dist. 1998) ("liability for battery emphasizes the plaintiff's lack of consent to a touching."); *Kling v. Landry*, 292 Ill. App. 3d 329, 339 (2d Dist. 1997) ("in order to state a cause of action for intentional battery, a plaintiff must allege a willful touching of another person without the consent to the person who is touched.")' *Cohen v. Smith*, 269 Ill. App. 3d 1087, 1090 (5th Dist. 1995) ("liability for battery emphasizes the plaintiff's lack of consent to a touching."); *Pechan v. DynaPro*, Inc., 251 Ill. App. 3d 1072, 1084 (2d Dist. 1993) ("An action for battery does not depend on the hostile intent of the defendants, but on the absence of plaintiff's consent to the contact."); *Cowan v. Insurance Co. of North America*, 22 Ill. App. 3d 883, 890 (1st Dist. 1974) ("the gist of the action for battery is… the absence of consent to the contact on the part of the plaintiff.").

Under Illinois law, there are two exceptions to the long-standing principle that it is plaintiff's consent to the alleged touching that matters for purposes of battery. The first exception involves "assumed consent," which one court has explained as follows: "Consent is assumed to all those ordinary contacts which are customary and reasonably necessary to the common intercourse of life." *Pechan* at 1084-1085 (citing *McCracken v. Sloan*, 40 N.C. App. 214, 217 (N.C. App. 1979). The first exception does not apply here. In this case, Osborn's tasering of Plaintiff, twice, while plaintiff was on the ground and handcuffed is hardly customary and certainly not a part of the "common intercourse of life." The second exception the principle that it is plaintiff's consent to the alleged touching that matters for the purposes of battery is found in the context of "medical batteries." There, the common law exception provides that "when a physician is confronted with a patient who is unable to consent and is in need of prompt medical attention, it is logical to assume that the patient would consent to the procedure." *Curtis v. Jaskey*, 326 Ill. App. 3d 90, 94-96 (2001). This exception has no applicability here, where Defendant Osborn tasered Plaintiff twice in the context, allegedly, of effecting an arrest.

There is no reported case from any Illinois court that has defined the concept of "unauthorized contact" in the context of a battery claim to mean contact unauthorized by law. This is a logical position. If every plaintiff bringing a battery claim carried the burden of raising and disproving every conceivable affirmative defense, the defendant would be under no obligation to identify and assert any affirmative defense.

II.     **Defendants have Waived A Justification Defense to Plaintiff's Battery Claim Because They Failed to Assert Such Defense in the Pleadings.**

The Defendant's failure to plead justified battery as an affirmative defense has effectively precluded him from doing so under Illinois law. In Illinois, the doctrine of justification and

excuse is an affirmative defense both in civil and criminal cases. *Roy v. Coyne,* 630 N.E.2d 1024, 1032 (Ill.App.Ct.1994); *United States v. Jumah*, 493 F.3d 868, 875 (7th Cir. 2007). The Seventh Circuit has held that a failure to plead an affirmative defense is a waiver of that defense. *Walker v. Sheahan*, 526 F.3d 973, 979 (7th Cir. 2008). The district court has discretion to allow amendments to the extent that the Defendant justifies the delay. *Walker*, 526 F.3d at 979.

For example, the Third Appellate District reversed a case in part because the trial court failed to properly instruct the jury that it was the defendant's burden to prove the affirmative defense of self-defense. *Winn v. Inman*, 119 Ill.App.3d 836, 457 N.E.2d 141, 145 (3rd Dist. 1983). The Court ruled that a instruction that required the Plaintiff to prove lack of justification was erroneous. *Id.*, at 144-145, *citing Walker v. Dominick's Finer Foods, Inc*., 92 Ill.App.3d 645, 47 Ill.Dec. 900, 415 N.E.2d 1213 (3rd Dist. 1980). As the Illinois Court explained:

> "Unless it is admitted by defendant, plaintiff has the burden of proving the assault and battery. On the other hand, defendant pleading self-defense or defense of another has the burden of proving that plaintiff made the first assault, that his own acts were made in self-defense or in defense of such other, and that no more force was used than was necessary for the purpose."

> *Id.*, citing 3 I.L.P. 398, Assault and Battery, section 22.

To justify their delay (or, in this case, failure) to plead the affirmative defense of justification, or self-defense, the Defendant must demonstrate that failure to meet the deadline is due to excusable neglect. See Fed. R. Civ. P. Rule 6(a). The inquiry to the same is two pronged: First, the moving party must show that their failure to meet a deadline was because of a simple, faultless omission to act, or because of carelessness. Second, the moving party must establish that his failure to act was excusable. *Id.*

Whether the act was excusable is an equitable determination considering the totality of the circumstances surrounding the party's failure to act. *Zingerman v. Freeman Decorating Co*.,

99 Fed.Appx 70, 72 (7th Cir.2004) (citing and quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).

In assessing the equitability, the court will weigh factors including (1) the danger of prejudice to the non-moving party; (2) length of the delay and its impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; (4) and whether the movant acted in good faith. *Id.*

Here, the Defendant failed to assert the defense of justified battery as an affirmative defense in his answer and never sought leave to add additional affirmative defenses to his case. To date, the Defendant has made no excuse or showing to justify its lack of diligence in failing to properly plead this defense; a defense which Defendant is now attempting to introduce at trial. Applying *Walker*, the Defendant's continued neglect and "inattentiveness" to this issue has undisputedly resulted in a waiver.

Even if the Court were to entertain the notion that such failure was result of simple neglect, the length of the delay has negated any possibility that the omission is excusable. The parties are currently three days into the trial of a case that has been litigated for approximately eighteen months. The Defendant has had ample time and opportunity to the cure defect and has simply chosen not to do so. As a result, Illinois law bars the Defendant from asserting a justification defense to Plaintiff's battery claim.

Thus, a verdict should be entered for a plaintiff where the elements of an intentional tort have been shown and where the defendant raises no affirmative defenses to the tort. *See, e.g., Catberro v. Naperville School Dist. No. 203*, 317 Ill. App. 3d 150, 155 (2d Dist. 2000) (holding that a defendant who forgets to plead an affirmative defense "may not this burden to plaintiff by arguing that the complaint does not contain allegations to refute the affirmative defense.");

6

*Parrish by Bowker v. Donahue*, 110 Ill. App. 3d 1081, 1083-1084 (3d Dist. 1982) (finding that "defendant, in the absence of an affirmative defense, committed the alleged torts," and holding "As self-defense was not here raised, the trial court did not err in directing the verdict of assault and battery.")

<u>Conclusion</u>

In sum, Plaintiff has proved that 1) Osborn intended to cause harmful contact with Plaintiff's person, 2) did cause harmful contact with Plaintiff's person when he tasered Plaintiff twice, 3) Plaintiff suffered pain and had red marks on his chest, 4) as a result of Osborn's conduct in tasering Plaintiff. Plaintiff has also proved that he did not consent to being tasered. Defendants did not plead any affirmative defenses and did not raise any at trial. Accordingly, Plaintiff is entitled to judgment as a matter of law on his battery claim.

Accordingly, Plaintiff requests that this Court enter judgment as a matter of law on Plaintiff's battery claim.

Respectfully submitted,

<u>s/ Brendan Shiller</u>
Brendan Shiller

<u>s/ Mary J. Grieb</u>
Mary J. Grieb

Shiller Preyar Law Offices
1100 W. Cermak, Suite B401
Chicago, IL 60608
(312) 226-4590

7

## <u>CERTIFICATE OF SERVICE</u>

The undersigned Mary J. Grieb hereby certifies that a copy of the foregoing was served upon all opposing counsel via the EM/ECF email system.


Respectfully submitted,

_____s/ Mary J. Grieb_____


Mary J. Grieb
Shiller Preyar Law Offices
1100 W. Cermak, Suite B401
Chicago, IL 60608
(312) 226-4590